IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02189-BNB

JAMES P. WYLIE,

    Plaintiff,

v.

TONY CAROCHI, CDOC Interim Executive Director, and
JAMES FALK, SCF Warden,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, James P. Wylie, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. He seeks injunctive relief and compensatory damages.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint and assert how each named Defendant violated his constitutional rights.

    To establish personal participation, Plaintiff must show how a named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166

(1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).  Plaintiff must plead what Defendants did to him through their own acts that violated the Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff also must explain in his Amended Complaint when Defendants did the action, how the action harmed him, and what specific legal right he believes Defendants violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff file an Amended Complaint that is in keeping with the above directives.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order the Court will dismiss the action without further notice.  It is

FURTHER ORDERED that process shall not issue until further order of

the Court. It is

FURTHER ORDERED that Plaintiff's Motion to Subpoena CDOC's/SCF's Records, Logs and Policies, ECF No. 4, filed on August 15, 2013, is denied as premature.

DATED August 19, 2013, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge